"In this patent case, plaintiff seeks leave to file a reply brief and seeks review under Rule 53(c)(2)(ii) of a trial judge’s procedural order. Some discussion of the involved factual background is necessary to resolution of the pending motion.
"The trial judge’s order which sparks this controversy granted the Rule 74 motion of certain third-party defend *871 ants (TPDs) to compel the production of documents. The motion sought access to documents in the possession of Dr. Gerhard Dirks. Dr. Dirks was the inventor of devices whose patents are in issue here, but the patents are now owned solely by plaintiff. Dr. Dirks does not work for plaintiff and plaintiff avers that Dr. Dirks 'has no contractual obligation to Plaintiff to participate or cooperate in this litigation.’ Dr. Dirks is not a party to the suit.
"Earlier, Dr. Dirks had been deposed, pursuant to a subpoena issued July 27, 1976. The subpoena included an order that Dr. Dirks bring with him all materials bearing in any way on the patents in question. Some were furnished, although no documents were supplied bearing on the so-called '007 patent. At the deposition, TPDs told Dr. Dirks that if they wanted any additional materials, they would so inform him. They did not do so, but instead they filed a motion (on October 15, 1976) to compel production of documents in the possession of plaintiff. On November 5, 1976, the motion was allowed and was affirmed by the court on January 27, 1977. Plaintiff supplied those documents in its possession, indicating, however, that other documents were in the sole possession of Dr. Dirks. By motion of April 4, 1977, the TPDs again moved for an order for the production of certain documents, the motion noting that the documents sought were in the possession of Dr. Dirks. On May 16, 1977, the trial judge allowed the motion, noting on the face of the motion, 'Documents fall within scope of subpoena duces tecum served July 27, 1976, and law of the case per order of Trial Judge filed November 5, 1976, affirmed by Court January 27, 1977.’ On May 24, 1977, plaintiff filed a request for 'reconsideration, vacating and/or clarification’ of the May 16 order, emphasizing that the documents were in the sole possession of Dr. Dirks and that Rule 74 does not authorize an order to a nonparty to produce documents. The trial judge responded:
denied jun 10 1977, except that the order entered on May 16, 1977 is clarified to the extent that it contemplates compliance by Gerhard Dirks with the subpoena duces tecum to which he was and still is subject in this case, there being a sufficient showing *872 that the evidence sought may lead to discovery of admissible evidence on the issue of fraud in procurement of the '007 patent.
"Next, Dr. Dirks moved for a protective order under Rule 71(f), contending that the documents sought were protected by the attorney-client privilege. This June 16 request was denied on July 22, 1977, 'for failure to identify in sufficient detail documents as to which attorney-client privilege is claimed.’ Meanwhile, on June 22, 1977, the trial judge issued a 'notice to gerhard h. dirks to appear as third-party plaintiff,’ stating:
Since it appears that the validity of United States Patent 3,228,007 has been placed in issue, and Dirks, the purported inventor of the invention disclosed and claimed therein, has in his possession documentation which could, possibly, lead to the discovery of admissible evidence relating to the issue of the validity of the patent in suit, Dirks is a proper party to be joined in this action as a third-party plaintiff.
Pursuant to this order, Dr. Dirks was served with the notice on July 13, 1977. The time allowed for his response has expired. Rule 41(g).
"Against this setting, we next consider plaintiffs claim that the order of May 16, 1977, and the clarifying order of June 10, 1977, should be vacated. Rule 53 permits a party dissatisfied with a trial judge’s procedural order to request the court to review the order 'upon a showing of extraordinary circumstances whereby further proceedings pursuant to the said order would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties.’ Rule 53(c)(2)(ii). Neither injury nor manifest waste has been shown.
"Surely plaintiff cannot contend that Hale Bros. Associates is irreparably injured by an order which contemplates compliance by Dr. Dirks, not Hale Bros. It is true that the motion leading to the rule of May 16 was based on Rule 74, which plaintiff correctly observes is applicable only to parties. Dr. Dirks is not a party. But the trial judge’s notation on the moving papers and his June 10 clarification make clear that the source of authority to order Dirks to disclose his documents was the subpoena duces tecum, *873 Rule 82(b), which can properly be used against a nonparty. Rule 81(b). Accordingly, no irreparable injury has been shown to fall upon plaintiff, which is unaffected by the order compelling disclosure of Dr. Dirks’ patent library.
"Likewise, we find no basis for concluding that any waste of plaintiffs resources will occur as a result of the trial judge’s order. Third-party defendants are bearing the costs of the efforts of Dr. Dirks and his attorney in reviewing the patent files. No expenditure, wasteful or otherwise, of plaintiffs resources is occasioned by the complained-of order. Thus, no waste of plaintiffs resources can be invoked to justify upsetting the orders on review.
"The court’s resources, too, are not squandered by the trial judge’s ruling. Indeed, such waste would more likely be precipitated by vacating the trial judge’s ruling and forcing third-party defendants to begin again with a new subpoena duces tecum. As things now stand, the continued compliance by Dr. Dirks with the trial judge’s order can only facilitate the prompt resolution of issues before the trial judge.
"Our ruling that plaintiff has not met the standards of Rule 53 does not imply our wholehearted agreement with the means by which the trial judge has ordered this disclosure. It would have been better if the order had not originally been predicated on a motion to produce documents or had flowed more promptly from Dr. Dirks’ noncompliance with the broad scope of the subpoena duces tecum. But we note that Dr. Dirks is now reviewing his files, at third-party defendants’ expense, and there appears to be no reason to impede the progress now being made, especially since the documents could properly be subject to a new subpoena duces tecum.
"Although plaintiff, not Dr. Dirks, has brought this motion before us, we observe that he retains his freedom to reassert his attorney-client privilege once the documents have been reviewed sufficiently that such claims can be made with specificity. Contrary to the contention of third-party defendants, the trial judge has not ruled that Dr. Dirks has no privilege in these documents, but rather has rejected any claim of privilege not made with specificity. His ruling that Hale Bros, had no privilege in the *874 documents does not preclude Dirks from raising that privilege in an appropriate manner.
"it is therefore ordered that plaintiffs unopposed motion for leave to file a reply to opposition by certain third-party defendants to plaintiffs request for review under Rule 53(c) (2)(ii) is granted.
"it is further ordered, upon consideration of the briefs of the parties and plaintiffs reply brief, without oral argument, that plaintiffs motion for review of the trial judge’s orders of May 16 and June 10, 1977, is granted but the relief requested by plaintiff is denied, and the case is remanded to the trial judge for further proceedings.”